```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

SHELLEY CONRAD LEAB,                :
KEVIN LEAB, Individually and as
Parents and Natural Guardians       :
of KEVIN ANDREW LEAB, a Minor,
        Plaintiffs             :

        vs.                    : CIVIL NO. 1:CV-04-0504

CHAMBERSBURG HOSPITAL, a/k/a        :
SUMMIT HEALTH, SUMMIT HEALTH,
THE UNITED STATES OF AMERICA,       :
DONNA J. CARR, D.O.,
TUSCARORA FAMILY PRACTICE, P.C.,:
FRANKLIN COUNTY PEDIATRICS
a/k/a CUMBERLAND VALLEY             :
MEDICAL SERVICES,
KATHRYN SCHMIDT, R.N.,              :
VICKY RIENDEAU, R.N.,
THE MILTON S. HERSHEY               :
MEDICAL CENTER,
        Defendants             :

M E M O R A N D U M

I.   Introduction

      We are considering the United States' motion to dismiss Count I of Plaintiffs' amended complaint for lack of subject matter jurisdiction.  This action stems from complications that arose during the birth of the Plaintiffs' son, Kevin Andrew Leab.  The Plaintiffs, Shelley Conrad Leab and Kevin Leab, filed suit against multiple defendants alleging various claims.  Count I of the amended complaint alleges that the United States, through the actions of Dr. Margaret O'Reilly,

failed to obtain Mrs. Leab's informed consent prior to using misoprostol to "ripen" her cervix.[1]

II.  Standard of Review

The Defendant moves to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.[2]  Under Rule 12(b)(1), the Plaintiff bears "the burden of proof that jurisdiction does in fact exist." *Mortensen v. First Federal Sav. And Loan Ass'n.*, 549 F.2d 884, 891 (3d Cir. 1977).  "A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction." *Gould Electronics Inc., v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).  A facial attack requires that the court consider only the complaint, documents referenced in the compliant, and documents attached to the complaint in a "light most favorable to the plaintiff." *Id*.  A factual attack allows for the use of materials outside the complaint.  *Id*.  Both parties agree that the United States is asserting a facial challenge to our subject matter jurisdiction.

---

[1] Count I also includes an allegation against Dr. Donna Carr for a failure to obtain informed consent.

[2] We note that since the United States has already filed an answer its motion should have been filed pursuant to Federal Rule of Civil Procedure 12(h)(3).  However, this does not alter our analysis as the only "distinction between a Rule 12(h)(3) motion and a Rule 12(b)(1) motion is simply that the former may be asserted at any time and need not be responsive to any pleading of the other party." *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 880 n. 3 (3d Cir. 1992).

III. Discussion

The United States argues that because a claim for failure to obtain informed consent sounds in battery under Pennsylvania law, the Plaintiffs' claim must be dismissed as the United States has not waived its sovereign immunity for the intentional tort of battery under the Federal Tort Claims Act (FTCA). *See Montgomery v. Bazaz-Sehgal*, 798 A.2d 742, 749, 568 Pa. 574, 585 (Pa. 2002); 28 U.S.C. § 2680(h). The Defendant also contends that 42 U.S.C. § 233(e), which abrogates the United States' immunity for a battery committed by a Public Health Service (PHS) employee, does not apply in this instance. The Plaintiffs do not dispute that Pennsylvania considers informed consent a battery or that the FTCA bars recovery from the United States for a battery committed by an employee covered by the act. The Plaintiffs maintain, however, that since Dr. O'Reilly is considered a PHS employee, § 233(e) allows a suit against the United States for battery.

42 U.S.C. § 233(e) provides that "[f]or purposes of this section, the provisions of section 2680(h) of Title 28 shall not apply to assault or battery arising out of negligence in the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigations." The United States argues that the phrase "arising out of negligence" bars the Plaintiffs' claim for lack of informed consent because such a claim can never sound in

3

negligence under Pennsylvania law.  In support of its argument, the Defendant directs our attention to *Franklin v. United States*, 992 F.2d 1492 (10th Cir. 1993).  In *Franklin*, the Tenth Circuit interpreted a similar provision of an immunity statute pertaining to employees of the Veterans Health Administration (VA).  The court determined that 38 U.S.C. § 7316(f)[3] allowed a plaintiff to pursue a battery claim against the United States by abrogating the immunity provided in the FTCA under § 2680(h). *Id*. at 1502.  The Defendant maintains that the difference in the wording between § 7316(f) and § 233(e) demonstrates that § 233(e) does not apply in this case.

> The pertinent language of § 7316(f) provides that:
>
> [t]he exception provided in section 2680(h) of title 28 shall not apply to any claim arising out of a negligent or wrongful act or omission of any person described in subsection (a) in furnishing medical care or treatment...while in the exercise of such person's duties in or for the Administration.

While similar to § 233(e), § 7316(f) includes the phrase "wrongful act or omission."  The United States contends that this phrase is the reason that a claim of battery can be pursued under the VA statute.  The Defendant further argues that since Congress omitted this phrase from § 233(e), it did not want the United States to be liable for the type of claim asserted by the Plaintiffs.  The Plaintiffs respond with two arguments.  First,

---

[3] At the time the events in *Franklin* arose, the statue was designated 38 U.S.C. § 4116(f).

4

they maintain that the Defendant's reading of § 233(e) would "render the 'assault and battery' language of the statute superfluous." (Doc. 60, Opp. Br., p. 3). Second, they argue that the United States' reading of § 233(e) would be unjust in light of the Defendant's interpretation of § 7316(f) and other similar statutes.

While there are a number of cases interpreting the VA statute and other similarly worded statutes, we have found only two cases that address § 233(e). In *Lojuk v. Quandt*, 706 F.2d 1456 (7th Cir. 1983), the Seventh Circuit, in dicta, discussed the interpretation of § 233(e) and various other immunity statutes to determine the proper interpretation an earlier version of the VA statute. The court first determined that statutes such as § 233(e) were not intended to immunize individual employees "from battery claims...unless a plaintiff had an alternative remedy against the United States under the FTCA." *Id.* at 1463.; *Franklin*, 992 F.2d at 1500. To achieve this result, Congress included subsection (e) in these statutes to "expressly [waive] the battery provision of Section 2680(h)." *Lojuk*, 706 F.2d at 1463. The Seventh Circuit then looked to the legislative history of 10 U.S.C. § 1089(e)[4], which immunizes the

---

[4] Section 1089(e) provides that "[f]or purposes of this section, the provisions of section 2680(h) of title 28 shall not apply to any cause of action arising out of a negligent or wrongful act or omission in the performance of medical, dental, or related health care functions (including clinical studies and investigations)."

medical personnel of the Armed Forces, to ascertan Congress' intent when it enacted the various immunity statutes, including § 233(e).[5]  The legislative history indicated that Congress was aware that some states allowed a plaintiff to plead certain medical malpractice claims as batteries.  *Lojuk*, 706 F.2d at 1463 (*quoting* Sen. Rep. No. 94-1264, 94th Cong., 2d Sess. 9-10, reprinted in 1976 U.S.C.C.A.N 4443, 4451.).  Thus, to avoid a situation where a plaintiff could sue medical personnel in their individual capacity for battery, subsection (e) was enacted to make the FTCA "the exclusive remedy for any action, including assault and battery, that could be characterized as malpractice."  *Id*.

The only other case addressing § 233(e) is *Webb v. United States*, 24 F.Supp.2d 608 (W.D.Va. 1998).  In *Webb*, the plaintiff wanted to amend her battery claim to state a claim of negligence.  *Id*. at 620.  The district court, relying on the plurality opinion in *United States v. Shearer*, 473 U.S. 52, 105 S. Ct. 3039, 87 L. Ed. 2d 38 (1985), concluded that § 233(e) did not apply to cases that "sound in negligence but are based on the commission of an intentional tort."  *Webb*, 24 F.Supp.2d at 620.  The court held that since the plaintiff's allegations were for an intentional sexual battery, the claim could not be characterized as one of negligence.  *Id*.  We find, however, that

---

[5] We have been unable to find any legislative history regarding Congress' intent when it enacted subsection (e) of 42 U.S.C. § 233.

the instant case is distinguishable from the situation before the court in *Webb*.  Here the Plaintiffs are stating a battery claim, not a negligence claim.  Therefore, they are not trying to re-characterize an intentional tort.

After careful consideration, we find the Seventh Circuit's discussion in *Lojuk* to be persuasive.  It is not possible to interpret § 233(e) in the manner suggested by the United States.  The Defendant's reading of the statute would mean that a plaintiff could only recover in a state that treats battery as a tort of negligence.  We do not know of any jurisdiction that does this.  However, as both sides have noted, there are some jurisdictions that characterize an informed consent claim as a negligent tort and others, such as Pennsylvania, that characterize it as a battery.  We find that a more logical reading of § 233(e) would be to prevent a situation where those who live in jurisdictions like Pennsylvania could raise a claim against an individual employee for battery (such as an informed consent claim) that could also be characterized in negligence terms, when the same employee is covered by the FTCA for all negligence claims arising from the same incident. *See Lojuk*, 706 F.2d at 1463 (*quoting* Sen. Rep. No. 94-1264, 94th Cong., 2d Sess. 9-10, reprinted in 1976 U.S.C.C.A.N 4443, 4451.).

Further, we have been unable to find a case to support the Defendant's assertion that the lack of the phrase "wrongful

act or omission" in § 233(e) means that a battery claim cannot be brought by the Plaintiffs.  Nothing in the *Franklin* case, the only case cited by the United States, indicates that the Tenth Circuit relied on this language in rendering its decision.  To the contrary, it appears that the *Franklin* decision follows the same type of logic as the Seventh Circuit's *Lojuk* decision.  *See Franklin*, 992 F.2d at 1500-01.  Having found *Lojuk* to be persuasive, we will deny the Defendant's motion and enter an appropriate order.

                                                              <u>/s/William W. Caldwell</u>
                                                               William W. Caldwell
                                                               United States District Judge

Date: August 11, 2005

```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

SHELLEY CONRAD LEAB,                :
KEVIN LEAB, Individually and as
Parents and Natural Guardians       :
of KEVIN ANDREW LEAB, a Minor,
        Plaintiffs                  :

        vs.                         : CIVIL NO. 1:CV-04-0504

CHAMBERSBURG HOSPITAL, a/k/a        :
SUMMIT HEALTH, SUMMIT HEALTH,
THE UNITED STATES OF AMERICA,       :
DONNA J. CARR, D.O.,
TUSCARORA FAMILY PRACTICE, P.C.,:
FRANKLIN COUNTY PEDIATRICS
a/k/a CUMBERLAND VALLEY             :
MEDICAL SERVICES,
KATHRYN SCHMIDT, R.N.,              :
VICKY RIENDEAU, R.N.,
THE MILTON S. HERSHEY               :
MEDICAL CENTER,
        Defendants                  :

## O R D E R

AND NOW, this 11th day of August, 2005, it is ordered that the United States' motion to dismiss Count I of the amended complaint for lack of subject matter jurisdiction (doc. 58) is denied.

                                     /s/William W. Caldwell
                                    William W. Caldwell
                                    United States District Judge